# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA,

v.

NICHOLAS CALABRESE, et al.

No. 02 CR 1050 - 2
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Before me are defendants James Marcello's and Frank Calabrese Sr.'s motions to dismiss Count One of the second superseding indictment on double jeopardy grounds. For the reasons that follow, their motions are denied.

## I. BACKGROUND

Both James Marcello ("Marcello") and Frank Calabrese, Sr. ("Calabrese") (collectively "Defendants") have previously been convicted of conspiring to violate the RICO statute, 18 U.S.C. § 1962. In 1992, the Government charged Marcello in a multi-count indictment that included a RICO count ("Previous Marcello Indictment"). The time frame of the conspiracy alleged in the Previous Marcello Indictment was approximately 1979 through 1990. In 1993, a jury convicted Marcello of the RICO conspiracy and of two substantive counts as well. Marcello was sentenced to 150 months in prison.

In 1995, the United States charged Calabrese in a multi-count indictment ("Previous Calabrese Indictment"). Count One of that indictment charged him with a RICO conspiracy that was alleged to have spanned from 1978 to 1992. Calabrese pled guilty to the RICO count and to several substantive counts as well. He was sentenced to 118 months incarceration.

Since Count One of the second superseding indictment in this case charges a violation of 18 U.S.C. § 1962, Defendants argue it should be dismissed on double jeopardy grounds.

**II.    DISCUSSION**

The Double Jeopardy Clause states: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . ." U.S. CONST. amend V. The Supreme Court has explained the underlying purpose of this protection:

> [T]he State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States*, 355 U.S. 184, 187-88 (1957). However, the protections the Double Jeopardy Clause affords are not absolute. *See Tibbs v. Florida*, 457 U.S. 31 (1982) (holding that a defendant who successfully appeals a conviction is subject to retrial); *United States v. Tateo*, 377 U.S. 463 (1964).

In a pre-trial double jeopardy review, "the defendant bears the burden of making a prima facie showing that the two indictments cover the same offense, and thereafter the burden shifts to the government to demonstrate that it has not twice prosecuted the defendant for the same conspiracy." *United States v. Thornton*, 972 F.2d 764, 767 (7th Cir. 1992). For purposes of this motion, the allegations in the indictment are assumed to be true.

In the conspiracy context, the Double Jeopardy Clause prohibits an individual from being prosecuted for two separate conspiracies if only one conspiracy existed. *Braverman v. United States*, 317 U.S. 49, 53 (1942); *Thornton*, 972 F.2d at 766. Because a conspiracy is essentially an agreement, "a determination of whether the Government can prosecute on more than one

2

conspiracy rests on whether there exists more than one agreement." *United States v. Dortch*, 5 F.3d 1056, 1061 (7th Cir. 1993) (*quoting United States v. Chiatello*, 804 F.2d 415, 418 (7th Cir. 1986)).

When analyzing the double jeopardy implications of successive RICO prosecutions, the Seventh Circuit has applied a five-factor test. *See United States v. Marren*, 890 F.2d 924, 935 (7th Cir. 1989).[1] The five factors are:

> (1) the time of the various activities charged as separate patterns of racketeering; (2) the identity of the persons involved in the activities under each charge; (3) the statutory offenses charged as racketeering activities in each charge; (4) the nature and scope of the activity the government seeks to punish under each charge; and (5) the places where the corrupt activity took place under each charge.

*Id.*

Applying this five-factor test here, I find that the second superseding indictment charges a different conspiracy than those at issue in Defendants' previous indictments. Accordingly, I conclude that the second superseding indictment does not violate the Double Jeopardy Clause.

### A. Time of Activities

There is not sufficient temporal overlap between the conspiracy alleged in the second superseding indictment and the conspiracies for which Defendants were previously indicted to render them the same conspiracy for double jeopardy purposes. The second superseding indictment charges a conspiracy that is alleged to have taken place for approximately four decades (the 1960s through 2005). By contrast, the previous Marcello Indictment covered a

---

[1] This five-factor test has also been employed by the Eighth, Second, Eleventh and Third Circuits. *See United States v. Dean*, 647 F.2d 779, 788 (8th Cir. 1981); *United States v. Langella*, 804 F.2d 185, 189 (2d Cir. 1986); *United States v. Ruggiero*, 754 F.2d 927, 932 (11th Cir. 1985); *United States v. Ciancaglini*, 858 F.2d 923, 927-29 (3d Cir. 1988).

conspiracy that lasted for approximately 11 years, and the Previous Calabrese Indictment covered a conspiracy that lasted for approximately 14 years. Though there is certainly overlap, it is not substantial enough to render the conspiracy charged in the second superseding indictment to be identical, for double jeopardy purposes, to Defendants' previous indictments. The Seventh Circuit has often declined to conclude that a single conspiracy existed even when indictments' dates substantially overlap. *See, e.g., Dortch*, 5 F.3d at 1062; *Thornton*, 972 F.2d at 767-68; *United States v. Dempsey*, 806 F.2d 766, 767 (7th Cir. 1986); *Chiatello*, 804 F.2d at 419.

The timing factor is particularly unhelpful to Defendants here, since the second superseding indictment charges criminal activity that is alleged to have continued occurring for years *after* Defendants' previous convictions. The Supreme Court has admonished: "[t]he Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal and spatial units." *Brown v. Ohio*, 432 U.S. 161, 169 (1977). The fact that the second superseding indictment alleges criminal activity occurring after the Defendants' previous indictments evidences that "the government did not arbitrarily divide the time frame of one conspiracy into two in order to improperly charge two conspiracies." *Dortch*, 5 F.3d at 1062.

The fact that the Government is alleging that Defendants continued engaging in criminal activity after their prior indictments makes it extremely difficult for Defendants to rely on a double jeopardy theory for another reason as well. The Double Jeopardy Clause is not a license that enables individuals to re-engage—with impunity—in the same type of criminal activity for which they have been previously convicted. *See Garrett v. United States*, 471 U.S. 773, 798 (1985) (O'Connor, J., concurring) ("[W]here the defendant continues unlawful conduct after the

4

time the Government prosecutes him for a predicate offense, I do not think he can later contend that the Government is foreclosed from using that offense in another prosecution . . ."); *see also Dortch*, 5 F.3d at 1063 ("[T]he guarantee against double jeopardy does not insulate a criminal from punishment for a subsequent offense merely because he chooses to continue committing the same type of crime."). In short, the timing factor does not counsel in favor of a finding that the second superseding indictment offends the Double Jeopardy Clause.

    B.    *Identity of Defendants*

The second factor—"identity of defendants"—also suggests that the second superseding indictment does not implicate any double jeopardy concerns. Marcello concedes in his brief that "James Marcello is the only defendant named here and in [The Previous Marcello Indictment]." Similarly, Calabrese is one of only two defendants that are named both here and in the Previous Calabrese Indictment. This minimal level of overlap among defendants is insufficient to suggest that the conspiracy charged in the second superseding indictment and the conspiracies for which Defendants were previously indicted are one conspiracy. *See Dortch*, 5 F.3d at 1062; *Chiatello*, 804 F.2d at 418.

    C.    *Statutory Offenses Alleged*

The third factor—statutory offenses alleged—similarly fails to advance Defendants' argument that the second superseding indictment offends the Double Jeopardy Clause. While the second superseding indictment alleges some of the same predicate offenses that were involved in the Defendants' previous indictments, it also charges violations of five additional federal statutes and identifies 18 murders and one attempted murder not alleged in the Defendants' previous indictments. There is insufficient statutory overlap between the second superseding indictment

and the Defendants' previous indictments to conclude that there was but one conspiracy. *See United States v. Langella*, 804 F.2d 185, 190 (2d Cir. 1986).

      D.      *Nature and Scope of Criminal Activity*

The nature and scope of the criminal activity charged in the second superseding indictment is broader and more pervasive than that which was charged in either the Previous Calabrese Indictment or the Previous Marcello Indictment. While some of the proof will overlap, this does not, in and of itself, indicate a double jeopardy concern. This is particularly true where, as here, the second indictment involves activity alleged to have occurred *after* the previous indictments. As Chief Justice Rehnquist pointed out: "one who insists that the music stop and the piper be paid at a particular point must at least have stopped dancing himself before he may seek such an accounting." *Garrett*, 471 U.S. at 790. Both the Previous Marcello Indictment and the Previous Calabrese Indictment charged criminal activity that was much more limited in scope than the activity alleged in the second superseding indictment. Accordingly, applying this factor to the situation at hand, I cannot conclude that the second superseding indictment poses double jeopardy concerns.

      E.      *Location of the Violations*

The final factor—the location of the violations—does not help Defendants here. First of all, the Previous Marcello Indictment and the Previous Calabrese Indictment centered primarily on activities occurring in the Chicago area. While the second superseding indictment is also focused on Chicago, it also alleges criminal activities in other states, including Nevada, Arizona, and Indiana. Furthermore, even if all the activities alleged in the Defendants' previous indictments and the second superseding indictment had occurred in Chicago, it does not

6

necessarily follow that double jeopardy would be implicated. *See Dortch*, 5 F.3d at 1063 (concluding "[t]he greater St. Louis area is certainly large enough to be home to more than one conspiracy to distribute cocaine"). The greater Chicago area is far larger than the greater St. Louis area. Therefore, if the greater St. Louis area can accommodate more than one conspiracy to distribute cocaine, then *a fortiori*, the greater Chicago area can accommodate more than one RICO conspiracy.

### III.    CONCLUSION

In sum, after applying the five-factor test enunciated in *Marren*, I conclude that the Defendants' previous indictments charged different conspiracies than the one charged in the second superseding indictment. Therefore, Count One of the second superseding indictment is not barred by the Double Jeopardy Clause. As noted above, this result is particularly justified here, where the second superseding indictment charges criminal activity which is alleged to have occurred after the Defendants' previous convictions. Defendants' motions to dismiss Count I are denied.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: Apr 17, 2007