**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 02 CR 1050 - 2 |
| | Judge James B. Zagel |
| JAMES MARCELLO, *et al.* | |

## MEMORANDUM OPINION AND ORDER

**I.   BACKGROUND**

The Government charged James Marcello, Frank Calabrese, Sr. and several other individuals with conducting the affairs of a criminal enterprise known as The Chicago Outfit. Specifically, Defendants were accused of conspiring to engage in the affairs of a racketeering enterprise in violation of 18 U.S.C. § 1962(d). Defendants Marcello and Calabrese, Sr. filed motions to dismiss claiming that the indictment placed them in double jeopardy. Mr. Marcello so claimed because he was convicted in 1993 with conspiring to conduct the affairs of the Carlisi Street Crew. Mr. Calabrese, Sr. claimed that this indictment places him in double jeopardy because he pleaded guilty in 1997 to conspiring to conduct the activities of the Calabrese Street Crew. Following my denial of their motions to dismiss, Messrs. Marcello and Calabrese, Sr. filed an interlocutory appeal. The Seventh Circuit affirmed my denial. *United States v. Calabrese*, 490 F.3d 575 (7th Cir. 2007). After the trial, Messrs. Marcello and Calabrese, Sr. renewed their motions to dismiss Count One.[1]

---

[1] The motions became fully briefed on July 11, 2008.

## II. THE CHICAGO OUTFIT IS A DIFFERENT CONSPIRACY THAN THE CARLISI AND/OR THE CALABRESE STREET CREWS

Judge Posner, writing for the majority, held that the indictment did not offend the double jeopardy clause. *Calabrese*, 490 F.3d at 578-81. The court explicitly held that "[t]he two conspiracies in this case are two separate offenses." *Id.* at 579. The court indicated just how separate it considered the conspiracies to be when it opined that "[e]ven if the predicate acts in the previous and present prosecutions were identical and the enterprises were under common control, separate prosecutions might not be barred." *Id.* The court could not have been clearer than when it stated "the defendants are . . . charged with a different conspiracy from what was charged in their previous prosecutions." *Id.*

The import of all this is that to the extent Messrs. Marcello and Calabrese, Sr. are attempting to reconsider the question of whether the overlap in the conspiracies leads to a double jeopardy problem, their efforts are unavailing. The Seventh Circuit has already ruled on that question. The court conclusively determined that whatever relatedness may exist between the conspiracies, it is not substantial enough to place Messrs. Marcello and Calabrese, Sr. in double jeopardy.

## III. POST-TRIAL RECONSIDERATION TO FOCUS ON OVERLAP IN EVIDENCE

The court of appeals did acknowledge, however, that a double jeopardy problem could, potentially, develop if there was too much overlap between the evidence the Government used to prosecute this case and the evidence it used to prosecute the earlier cases. *Id.* at 580 ("As the overlap between two prosecutions of the same person grows, however, the characterization of the two proceedings as charging separate criminal acts becomes less convincing."). The court

theorized that a double jeopardy problem might exist if "at the trial of the defendants under the new indictment the only predicate acts the government is able to prove are the acts that it proved against Marcello its first prosecution of him and that Calabrese acknowledged as part of his guilty plea in his first prosecution . . . ." *Id.* at 580.[2]

The court held that the defendants could re-raise their double jeopardy claims after the trial. *Id.* at 580-81. The court made clear, however, that the proper way to analyze the issue in a post-trial situation was to compare the evidence the Government used in the earlier prosecutions with the evidence it used in this case. *Id.*[3] The court suggested that a double jeopardy problem could develop "if the evidence presented by the government at the new trial differs only trivially from the evidence upon which Calabrese's and Marcello's previous convictions were based." *Id.* at 580.

---

[2]Even if the evidence were the same, though, a double jeopardy problem would not necessarily exist. In such a scenario, the Government—to ensure that there was no double jeopardy problem—would have to go on to prove "that the later conspiracy had as an objective not involved in the earlier conspiracies to enrich or otherwise advance objectives of the Outfit that were distinct from the objectives of the street crews." *Calabrese*, 490 F.3d at 580. I read Judge Posner's opinion as holding that if the evidence is *not* the same, then we need not reconsider whether "the later conspiracy had as an objective not involved in the earlier conspiracies to enrich or otherwise advance objectives of the Outfit that were distinct from the objectives of the street crews." *Id.*

[3]Again, this is because the court decided that, on the papers, the Chicago Outfit is a separate conspiracy from the Carlisi Street Crew, and a separate conspiracy from the Calabrese Street Crew. What the panel left open was the possibility, however, that a double jeopardy problem could emerge if the Government sought to prove Mr. Marcello's participation in the Chicago Outfit via the same evidence it used to prove his participation in the Carlisi Street Crew, and if it sought to prove Mr. Calabrese, Sr.'s participation in the Chicago Outfit via the same evidence it used to prove his participation in the Calabrese Street Crew. The court suggested that overlap could pose a problem if we reached a point where "the differences [between the two prosecutions] are minor and it seems that the government contrived the differences to evade the prohibition against placing a person in double jeopardy." 490 F.3d at 580.

3

**IV. EVIDENCE IN THIS TRIAL REVEALS MORE THAN FORMAL DIFFERENCE**

Upon comparing the evidence presented in this trial with the evidence used against Messrs. Marcello and Calabrese, Sr. in their prior prosecutions, it is clear that there is not sufficient overlap such that a double jeopardy problem emerged.

*A.     Mr. Marcello*

There was considerable variance between the evidence used to convict Mr. Marcello previously, and the evidence used to convict him in this case. The Government proved Mr. Marcello's involvement in the Carlisi Street Crew by pointing to evidence related to sports bookmaking, extortionate loans, the attempted extortion of a theater owner, the conspiracy to murder Anthony Daddino, and the collection of street tax from Kenton Pilet's card game. By contrast, the Government proved Mr. Marcello's involvement in the Chicago Outfit by relying on evidence of the murders of Anthony Spilotro, Michael Spilotro, and Nicholas D'Andrea; the collection of street tax from the Celozzi-Ettelson dealership; illegal gambling through M&M Amusements; and obstruction of justice related to Mario Rainone, Connie Marcello, and Nicholas Calabrese. This does not constitute sufficient overlap such that a double jeopardy problem emerged.

In his reply brief, Mr. Marcello attempts to argue that there was substantial overlap between the evidence used in the two convictions. For instance, he points out that there was sports bookmaking, extortionate extensions of credit, "street tax," and murder involved in both prosecutions. There are two reason why Mr. Marcello's arguments are unpersuasive. First, there is a finite list of illegal activities in which organized crime operations like the ones involved here engage. Therefore, pointing out, for instance, that "street tax" was involved in both cases is not

4

probative of whether or not the Government is attempting to convict him here with the same evidence it used in 1995. In order to prevail, Mr. Marcello would have had to demonstrate that the Government was seeking to convict Mr. Marcello now by referring to *the same illegal acts* (i.e., not just the same type of conduct, but the same discrete acts) that it used to convict him of participating in the Carlisi Street Crew. He has failed to do so.

Second, the existence of *some* overlap between the two prosecutions is not enough to merit dismissal of Count One. No one suggests that the Carlisi and Calabrese Street Crews were or are totally unrelated to the Chicago Outfit. Furthermore, the Seventh Circuit acknowledged that there was some overlap, noting that the defendants here are "charged with having conspired to conduct the affairs of the parent (the Outfit) by acts that are not identical to the acts charged in the first set of prosecutions, *though there is overlap*." *Id.* at 579 (emphasis added). The question is not whether or not there is overlap, but whether the overlap in the evidence is so great that there is "a merely formal difference . . . between the successive prosecutions." *Id.* at 580. There was sufficient variance between the evidence used in the two prosecutions to merit a finding that there were more than "mere formal differences."

B.    *Mr. Calabrese, Sr.*

The predicate acts and evidence upon which the Government relied to convict Mr. Calabrese, Sr. in this case were different than the predicate acts and evidence upon which Mr. Calabrese, Sr.'s 1997 guilty plea was based. There was an assortment of evidence against Mr. Calabrese, Sr. in this trial that was not involved in his 1997 guilty plea, including the extortion of James Stolfe/Connie's Pizza, the attempted obstruction of justice relating to Mr. Stolfe's grand jury testimony, various illegal gambling activities (including bookmaking), and the attempted

5

obstruction of justice relating to the John Fecarotta homicide. Furthermore, and most obvious, the 2007 case focused a great deal of attention on the murders of Michael Albergo, Michael Cagnoni, William Dauber, Charlotte Dauber, Richard Ortiz, Arthur Morawski, and John Fecarotta.[4] In his 1997 plea agreement, Mr. Calabrese, Sr. did not admit to any attempted or completed murders.

In short, while both cases contained some evidence about "street tax," extortionate extensions of credit, and witness tampering, the Government did not seek to prove Mr. Calabrese, Sr.'s involvement with the Chicago Outfit by relying on the same evidence that undergirded Mr. Calabrese, Sr.'s 1997 guilty plea.

---

[4]The Government presented evidence of other alleged murders, but these are the ones for which the jury found Mr. Calabrese, Sr. responsible.

## V. CONCLUSION

I have compared the evidence the Government used to convict Messrs. Marcello and Calabrese, Sr. in this trial with the evidence that was used to convict Mr. Marcello in 1995, and with the evidence that formed the basis for Mr. Calabrese, Sr.'s guilty plea in 1997. I find that the Government did not seek to rely on the same illegal acts that it used to convict Mr. Marcello, and to which Mr. Calabrese, Sr. admitted as part of his plea.[5] Accordingly, I find that no double jeopardy problem arose during the trial. The motions to dismiss Count One on double jeopardy grounds are DENIED.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: September 10, 2008

---

[5] Judge Wood, in her partial dissent, offered a different framework for examining these issues. In my view, even under the framework she suggests, there was enough evidence to convict Mr. Marcello and Mr. Calabrese, Sr. under Count One based upon their conduct after 1990 and 1992, respectively.