UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JAMES MARCELLO,

    Defendant.

No. 02 CR 1050-2
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

The Government has moved for entry of a preliminary order of forfeiture against Defendant James Marcello, to which Marcello objects. The order seeks forfeiture against Marcello for the amount of illegal income generated by the conspiracy during his membership in it, namely $20,258,556.00, which represents the total amount of proceeds acquired and maintained by the Chicago Outfit since the 1960's in violation of 18 U.S.C. § 1963(a)(1)-(3). The Government seeks to hold Marcello jointly and severally responsible for this amount.

Marcello raises several objections to the Government's motion. First, Marcello objects to the amount of forfeiture sought because "[a]t no time did the government obtain a superceding indictment providing notice that the government would seek forfeiture of funds in excess of $10,000,000." The Third Superseding Indictment returned against Marcello includes a section titled "FORFEITURE ALLEGATION", in which Marcello was notified that as a result of the allegations contained in Count One concerning a violation of 18 U.S.C. § 1962(d), "all . . . interests, securities, claims, and property and contractual rights [acquired and maintained in violation of the charged offense are] subject to forfeiture." The Forfeiture Allegation further states:

> The interests of the defendants, jointly and severally subject to forfeiture to the United States pursuant to Title 18 United States Code, Section 1963(a)(1), (a)(2), and (a)(3) include *but are not limited to*:
>
> > (a) $10,000,000;
>
> > (b) As to defendants JAMES MARCELLO and MICHAEL MARCELLO only:
> >
> > > Real property at 5533 West 25th Street, Cicero, Illinois, being more particularly described as: [legal description given].

(emphasis added).

Federal Rule of Criminal Procedure 7(c)(2) provides that "[n]o judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the information provides notice that the defendant has an interest in property that is subject to forfeiture in accordance with the applicable statute." A plain reading of the Forfeiture Allegation supports the conclusion that Marcello was notified that he would be liable to forfeit all proceeds and interests generated in relation to the Outfit's criminal activities, and that such interests would include, among other things, a cash amount equal or possibly greater than $10,000,000.

Second, Marcello objects to the Government's calculation of the forfeiture amount sought because, Marcello claims, the Government's calculations are of gross, rather than net, proceeds. Specifically, Marcello objects to the Government's calculations because they fail to give him credit for various "overhead costs" including the costs of purchasing and maintaining the gambling machines, salaries to M&M's employees, and compensation to bar owners, each of which were incurred in the course of running Outfit-controlled M&M Amusements' video gambling operations.

Marcello is correct that RICO forfeiture contemplates net, not gross, proceeds. *United States v. Masters*, 924 F.2d 1362, 1369-70 (7th Cir. 1991) ("the statute refers [to] net, not gross, revenues - profits, not sales, for only the former are gains"). However, the Government's forfeiture calculations are based on net proceeds: M&M paid no compensation to the restaurant bar owners - instead there was a 50/50 split in the unlawful proceeds between M&M Amusements and the bar and restaurant owners (who at trial testified to this arrangement, generally under grants of immunity). In addition, the Government's figures incorporate M&M Amusements expenditures on machine maintenance and employee salaries because the analysis was based on M&M accountant Cheryl Canty's testimony and M&M's tax filings. Those tax filings incorporated the various costs of doing business described above, and thus they were correspondingly accounted for in the Government's forfeiture total.

Next, Marcello claims that the Government failed to submit evidence connecting Marcello to certain of the money-making criminal acts of the Outfit, the proceeds of which are included in the total forfeiture figure sought. However, as a convicted, high-ranking co-conspirator throughout the life of the charged conspiracy, Marcello must be held jointly and severally liable for all of the itemized illegal proceeds obtained by the Outfit during his membership in it. *United States v. Masters*, 924 F.2d 1362, 1369-70 (7th Cir. 1991); *see also United States v. Genova*, 333 F.3d 750, 761 (7th Cir. 2003). Morever, there was no evidence presented that Marcello ever withdrew from the conspiracy. *See United States v. Hargrove*, 508 F.3d 445, 449 (7th Cir. 2007) ("Inactivity alone does not constitute a withdrawal; to withdraw from a conspiracy, the defendant must 'terminate completely his active involvement in the

conspiracy, as well as take affirmative steps to defeat or disavow the conspiracy's purpose.'") (internal quotation and citation omitted).

Lastly, Marcello argues that any forfeiture judgment should be offset by any prior forfeiture payments made by Outfit members between 1970 and the present. Specifically, Marcello argues that any forfeiture he is required to pay should be offset by the amount of forfeiture paid by the defendants in *United States v. Carlisi*, No. 92 CR 1064. This argument has no merit. As I have previously ruled, the conviction here is for an offense distinct from the offense charged in *Carlisi* - any payment of forfeiture in that case cannot be deducted from the amount Marcello owes in forfeiture as a result of his conviction here.

For the reasons stated, the Government's motion for entry of preliminary order of forfeiture against Defendant James Marcello is granted.

ENTER:

_James B. Zagel_
James B. Zagel
United States District Judge

DATE: April 6, 2009

4